UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk,# 295567, ) | C/A No.  5:13-2974-RMG-KDW |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| Ms. Hardin; Headquarters Grievance Branch; ) | |
| DHO Ms. Alyson  Glidewell; ) | |
| Cpl. Hines; ) | |
| Ofc. Harruff; ) | |
| Nurse Tarcia James; ) | |
| Sgt. S. Terry, and ) | |
| Lt. Tompkins, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action, filed by Plaintiff pro se, was originally filed in the South Carolina Court of Commons Pleas in McCormick County. The case number in state court is 013-CP-35-00055.

Defendants removed this case to United States District Court, alleging that Plaintiff's Complaint shows that "federal questions exist pursuant to 28 U.S.C. § 1331." Notice of Removal 1, ECF No. 1. If true, Defendants' allegations of jurisdiction would show that this court has subject-matter jurisdiction over Plaintiff's claims. However, in his state court Complaint, at the top of the first page Plaintiff labels his Complaint a "tort claim" and later states that "this Court of Common Pleas has jurisdiction over these matters pursuant to S.C. Code Ann § 36-2-802 and 36-2-803, as well as Article V of the State of South Carolina and the court's powers." Compl. 2, 7; ECF No. 1-1. There is one reference to the "eighth amendment," *id*. at 7, but no other federal statute or constitutional provision is referenced or cited anywhere else in the Complaint.  Although review of Plaintiff's Complaint does reveal minimal use of certain terminology often associated with claims under certain federal constitutional amendments, the same (or similar) words are also used in connection with the various sections of the South Carolina Constitution.

It is well-settled federal law that the plaintiff is the master of his complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005); *see also Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6 (1st Cir. 2008); *see also Addison v. Charleston Cnty. Pub. Defenders*, No. CA 4:11-2936-CMC-JDA, 2011 WL 6937608, *2 (D.S.C. Dec. 8, 2011). Also, removal statutes are to be construed against removal jurisdiction, and in favor of remand.  *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc*., 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); *Bellone v. Roxbury Homes, Inc*., 748 F. Supp. 434, 436 (W.D. Va. 1990). Applying the required liberal construction rules applicable to pro se litigants, Plaintiff's  specific references and citations to South Carolina state law as the basis for his claims and jurisdiction over them renders his passing references to certain amendments to the United States Constitution and use of words commonly associated with certain federal constitutional claims (deliberate indifference, cruel and unusual punishment, due process) ambiguous.

Accordingly, based on the foregoing,

**IT IS ORDERED** within 14 days of the date of this Order, Plaintiff is to advise the court, in writing, of the following regarding the Complaint he originally filed in state court: (1) whether he is pursuing any claims for violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983 or any other kinds of claims under any other federal statute, constitutional provision, or treaty in this action;(2) whether he is *only* pursuing claims under the South Carolina Constitution and/or other South Carolina state laws; or (3) whether he is pursuing claims under *both* South Carolina and federal law.

If Plaintiff advises the court that he is *only* pursuing claims under South Carolina law, this case will be remanded to state court. If Plaintiff advises the court that he is pursuing *only* federal claims *or both* federal and state claims, this case will progress in this court in the usual manner.

**IT IS FURTHER ORDERED** that the Clerk of Court shall withhold issuance of any scheduling order in this case until further direction from the undersigned.

**IT IS SO ORDERED**.

November 14, 2013               Kaymani D. West
Florence, South Carolina        United States Magistrate Judge

2