UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shaheen Cabbagestalk, | ) | C/A No.     5:13-cv-02974-RMG-KDW |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Ms. Hardin, Head Quarters Grievance Branch, DHO Ms. Alyson Glidewell, Cpl. Hines, Ofc. Harruff, Nurse Tarcia James, Sgt. S. Terry, Lt. Thompkins (Official and Individual Capacity), | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Temporary Restraining Order filed on February 26, 2014. ECF No. 53. Defendants filed a response opposing Plaintiff's motion on March 4, 2014, ECF No. 57. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

In his Motion for Temporary Restraining Order, Plaintiff requests that he be transferred to Broad River Correctional Institution because he is being denied adequate legal supplies, debit forms to send out legal mail, and timely legal copies by the staff at Lee Correctional Institution. ECF No. 53. Plaintiff also asks that Angela Smith and law librarian Ms. Marbly be added as Defendants to his case. *Id.* Defendants oppose Plaintiff's motion arguing that the relief that Plaintiff requests is not a proper basis for injunctive relief. ECF No. 57. Defendants also argue that Plaintiff has failed to satisfy the four factors required for preliminary injunctive relief and therefore his motion should be dismissed. *Id*.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Addressing Plaintiff's request for an order transferring him to another correctional institution, such relief is not an available remedy. The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 (4th Cir. 1984). There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *McKune v. Lile*, 536 U.S. 24, 39 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). Based on the foregoing, it is recommended that Plaintiff's Motion for Temporary Restraining Order, ECF No. 53, be denied.

The undersigned further finds that Plaintiff's request to add Angela Smith and Ms. Marbly as Defendants in this case may not be brought in a Motion for a Temporary Restraining Order, but pursuant to a motion to amend pleadings. Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Further, Rule 15 allows amendments that "assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). However, "Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intend for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts." *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003).

In his original complaint, Plaintiff alleges that he was injured by fellow inmates, subjected to false disciplinary charges, targeted for injury by corrections officers, denied medical treatment, and his grievances were not processed. *See* ECF No. 1-1. In this motion, Plaintiff seeks to add additional defendants and claims related to inadequate legal supplies and legal copies, and interference with legal mail. These new claims are wholly unrelated to Plaintiff's original claims. Accordingly, the undersigned recommends that Plaintiff's request to add Angela Smith and Ms. Marbly as Defendants in this case be denied.

IT IS SO RECOMMENDED.

March 19, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

4