# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk,# 295567, ) | C/A No. 5:13-cv-02974-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Ms. Hardin, Head Quarters Grievance ) | |
| Branch, DHO Ms. Alyson Glidewell, Cpl. ) | |
| Hines, Ofc. Harruff, Nurse Tarica James ) | |
| Sgt. S. Terry, Lt. Thompkins (Official ) | |
| and Individual Capacity), ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed a document titled "Motion to Enforce Rule 62.01 Stay by Supersedeas Bond and Rule 64.01 Seizure of Personal Property/Affidavit of Lien on Bonds." (Dkt. No. 153). For the reasons stated below, Plaintiff's motion is DENIED.

## **Background**

Plaintiff, a state prisoner proceeding pro se, brought this action under 42 U.S.C. § 1983. This Court entered an Order on June 25, 2014, granting Defendants' motion for summary judgment and dismissing Plaintiff's action. (Dkt. No. 118). On July 16, 2014, Plaintiff filed a Notice of Appeal. (Dkt. No. 127). On September 10, 2014, the Fourth Circuit dismissed Plaintiff's appeal for failure to prosecute and issued formal mandate. (Dkt. No. 149, 149-1).

Plaintiff filed this motion requesting that the Court grant a stay of the proceedings until the Defendants post a supersedeas bond and that the property of the named Sheriffs and United States Marshalls be seized to compensate for amounts Plaintiff alleges are owed to him. (Dkt. No. 153).

1

## Discussion

Defendants argue that this Court lacks jurisdiction because Plaintiff filed a notice of appeal. (Dkt. No. 154). However, the Court regained jurisdiction when the Court of Appeals issued its mandate on September 10, 2014. *See, e.g., United States v. Modanlo*, --- F.3d ----, 2014 WL 3906713 at *3 (4th Cir. 2014) ("A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals.") (quotations omitted).

However, because the Fourth Circuit has dismissed the appeal, Plaintiff's request is moot. Fed. R. Civ. P. 62(d) entitles the appellant to a stay of execution of the judgment pending appeal upon the posting of a supersedeas bond. Because there is no longer a pending appeal, any request under Rule 62(d) is moot. Furthermore, Defendants would not be required to post a bond in any case because Plaintiff has not obtained a judgment against them. *See* Fed. R. Civ. P. 62(d).

## Conclusion

Plaintiff's Motion (Dkt. No. 153) is DENIED.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

September 23, 2014
Charleston, South Carolina

2