IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk,# 295567,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Ms. Hardin, Head Quarters Grievance<br>Branch, DHO Ms. Alyson Glidewell, Cpl.<br>Hines, Ofc. Harruff, Nurse Tarica James,<br>Sgt. S. Terry, Lt. Thompkins (Official<br>and Individual Capacity),<br><br>　　　　　　　　　Defendants. | C/A No. 5:13-cv-02974-RMG<br><br><br><br>**ORDER** |

Plaintiff filed a Motion for Reconsideration. (Dkt. No. 159). For the reasons stated below, Plaintiff's motion in DENIED.

## Background

Plaintiff, a state prisoner proceeding pro se, brought this action under 42 U.S.C. § 1983. This Court entered an Order on June 25, 2014, granting Defendant's motion for summary judgment and dismissing Plaintiff's action. (Dkt. No. 118). On July 16, 2014, Plaintiff filed a Notice of Appeal. (Dkt. No. 127). On September 10, 2014, the Fourth Circuit dismissed Plaintiff's appeal for failure to prosecute and issued a formal mandate. (Dkt. No. 149, 149-1).

On September 15, 2014, Plaintiff filed a motion requesting that the Court grant a stay of the proceedings until the Defendants post a supersedeas bond and that the property of the named Sheriffs and United States Marshalls be seized to compensate for amounts Plaintiffs alleges are owed to him. (Dkt. No. 153). On September 24, 2014, the Court entered an Order denying Plaintiff's motion on the grounds that Plaintiff's requests were moot since the Fourth Circuit had

already dismissed his appeal and that Defendants would not be required to post a bond in any case because Plaintiff had not obtained a judgment against them. (Dkt. No. 156).

Subsequently, on October 14, 2014, Plaintiff filed this Motion to Reconsider requesting that the Court continue this case. (Dkt. No. 159).

### Legal Standard

Fed. R. Civ. P. 59(e) addresses grounds for a motion to reconsider. "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotations omitted). Rule 59(e) motions "may not be used to make arguments that could have been made before the judgment was entered." *Id.* Nor are Rule 59(e) motions opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001); *see also United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("Mere disagreement does not support a Rule 59(e) motion.").

### Discussion

In his Motion for Reconsideration, Plaintiff alleges that the Fourth Circuit lacked jurisdiction to dismiss his appeal and that the September 24, 2014 Order of this Court denying his motion was improper. (Dkt. No. 159). However, Plaintiff fails in his motion to set forth any error of law or new information. Rather, he makes the same arguments that have been previously made and considered, merely stating that he disagrees with the Court's Order. (*Id.*)

Therefore, Plaintiff's allegations do not establish that relief is warranted under Rule 59(e). The allegations presented do not support a finding that there has been a change in

2

controlling law, that any new evidence has surfaced that was not previously available, or that there has been any clear error of law. Thus, the motion is denied.

### Conclusion

Plaintiff has not shown that he is entitled to relief under Rule 59(e). Therefore, Plaintiff's Motion (Dkt. No. 159) is DENIED.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

October 23, 2014
Charleston, South Carolina